# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID M. SKEBERDIS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:17-cv-00404-PX |
| CLARK BRILL, M.D., *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs David and Kara Skeberdis' Motion to Review the Clerk's Order Taxing Costs (ECF No. 98). The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants Plaintiffs' motion, vacates the Clerk's Order, and denies Defendants' Bill of Costs.

### I.     Background

This medical malpractice case was tried for eight days before a jury, from July 30 to August 9, 2019. ECF Nos. 74–83. Plaintiff David Skeberdis had suffered a Methicillin-Resistant *staph aureus* (MRSA) infection following an attempted cervical epidural injection performed by one of the Defendants, Doctor Clark Brill. ECF No. 98 ¶ 6; ECF No. 92-2 at 3, 12–13. Skeberdis underwent emergency surgery on his neck to evacuate pockets of abscess and infection, including a ten-level (C4-to-T4) laminectomy, or fusing, of his spinal column. *Id.* As a result, and as demonstrated at trial, Skeberdis suffers from permanent chronic pain and is limited in his daily life activities. ECF No. 98 ¶ 6; ECF No. 92-2 at 4–9, 14, 16.

The central question for the jury at trial was whether the physicians who performed the epidural injection and cared for Skeberdis immediately following the injection were medically negligent. ECF No. 98 ¶ 6; ECF No. 90. After nearly a day of deliberations, the jury returned a

verdict in Defendants' favor.  ECF No. 90.  On August 23, 2019, Defendants filed a Bill of Costs, requesting $28,911.40.  ECF No. 94.  On September 10, 2019, the Clerk of the Court entered an Order Taxing Costs in the amount of $11,068.08.  ECF No. 97.  The Clerk excluded those costs that fell outside those authorized under Rule 54 of the Federal Rules of Civil Procedure, and also expressly noted that only this Court may review whether costs should be further reduced or denied on equitable grounds.  ECF No. 97 at 2–3.  On September 20, 2019, Skeberdis moved for this Court to perform that very review.  ECF No. 98.

**II.    Standard of Review**

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  In this District, the Clerk of Court is entrusted with the taxation of costs in the first instance.  *See U.S. District Court for the District of Maryland Guidelines for Bills of Costs* § I.A (2013); *see also* Fed. R. Civ. P. 54(d) (providing that the "clerk may tax costs on 14 days' notice").  This Court reviews de novo the Clerk's taxation of costs.  *See* Fed. R. Civ. P. 54(d)(1); *Schwartz v. Rent-A-Wreck of Am.*, No. PJM 07-1679, 2016 WL 3906581, at *2 (D. Md. July 14, 2016).

Although "the rule creates the presumption that costs are to be awarded to the prevailing party," *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999), the court retains "discretion to deny an award of costs," so long as "good reason" for the denial is articulated. *Ellis v. Grant Thornton LLP*, 434 Fed. App'x, 232, 235 (4th Cir. 2011).  "Among the factors for consideration are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F.

App'x at 235 (citing *Cherry*, 186 F.3d at 446). In essence, there must "be an element of injustice in a presumptive cost award." *Id.* (quoting *Cherry*, 186 F.3d at 446).

### III. Discussion

Skeberdis objects to the award of costs, arguing that payment would pose a financial hardship and that such payment is unjust when considering the issues in his case were close and difficult. ECF No. 98. The Court analyzes each argument in turn.

#### A. Inability to pay

If the non-prevailing party is of sufficiently "modest means" such that it would be unjust or inequitable to enforce Rule 54(d)(1) against him, then the court acts within its discretion to deny costs to the prevailing party. *Cherry*, 186 F.3d at 447. However, the non-prevailing party must provide sufficient documentation establishing his inability to pay costs. *Wyne v. Medo Industries, Inc.*, 329 F.Supp.2d 584, 588 (D. Md. 2004) (citations omitted).

Skeberdis has shown, through tax returns and other earning information produced during discovery and at trial, that he has earned no income since 2016. ECF No. 98 ¶ 7; ECF No. 98-1. He fared little better in the two preceding years. In 2015, he earned just $6,902, and in 2016, a mere $92. *Id.* By comparison, the award is nearly double what Skeberdis earned in those years. Further, testimony at trial from both David and his wife, Kara Skeberdis, confirm that the couple live modestly and that Skeberdis has little to no ability to work.[1] *Cf. Ellis, 434 Fed. App'x at 236* (finding it proper for the district court to rely on evidence of a party's financial condition admitted at trial when assessing ability to pay costs). Accordingly, the record amply supports granting the motion on the grounds of financial hardship. *See Levy v. Lexington County, S.C.*,

---

[1] Defendants argue that ECF No. 98-1 only provides Skeberdis' earning history up to 2016. ECF No. 99 at 5. Not so. The chart extends until 2018. ECF No. 98-1. Defendants also imply that the Court should ignore the evidence produced at trial regarding Skeberdis' permanent, devastating injuries that render it near impossible for Skeberdis to work. This the Court will not do.

3

No. CA 3:03-3093-MBS, 2012 WL 6675051, at *3 (D.S.C. Dec. 20, 2012) (denying $12,898.70 in costs where non-prevailing parties with yearly incomes of $44,598 and $109,647, but with outstanding debt of $21,000, was found to be of "modest means."); *Musick v. Dorel Juvenile Grp., Inc.*, No. 1:11CV00005, 2012 WL 473994, at *1–2 (W.D. Va. Feb. 13, 2012) (denying bill of costs in products liability personal injury claim after review of plaintiff's limited financial means); *Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 517 (D. Md. 2005) (finding the non-prevailing party, who had an annual income of $3,627.07, was "clearly" of sufficiently modest means to justify denial of $16,104.40 in costs). On this record, the Court finds Skeberdis' limited income renders assessment of costs, now or in the future, inequitable.

    **B.    Closeness and difficulty of the issues**

This Court also finds that the because "the case in question was a close and difficult one" denial of costs is warranted. *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir.1994); *see also Ellis*, 434 F. App'x at 235. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-3771, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)). The novelty of the legal issues is certainly of importance in assessing this factor. *Ellis*, 434 Fed. App'x. at 235. But, so is the factual complexity of the case. *See Bennett v. CSX Transp., Inc.*, No. 5:10-CV-493-BO, 2015 WL 233223, at *1 (E.D.N.C. Jan. 16, 2015) ("While a Title VII or FELA claim itself is not particularly novel or complex, the factual issues presented in this matter were difficult and indeed hotly contested at trial and on appeal.") (quotations omitted); *see also Musick*, 2012 WL 473994, at *2 (factual complexity of the issues supported

non-taxation of costs). In addition, "[a] case may be characterized as difficult based upon the length of trial, the number of witnesses, and the amount of evidence submitted to the jury." *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 743 (6th Cir.), *amended on denial of reh'g*, 41 F. App'x 758 (6th Cir. 2002) (citing *White*, 786 F.2d at 732).

Skeberdis' medical malpractice case was tried for the better part of two weeks,[2] during which both sides called several lay and expert witnesses—all to help jurors "sift through and organize relevant evidence." *Cf. Levy v. Lexington Cty., S.C.*, 2012 WL 6675051, at *2 ("[T]here is no dispute that the issues were close and difficult, so much so that the court was required to retain the services of an expert to educate the court regarding statistical methodology."). The jury had to be educated by relevant medical experts first as to the reasons for the epidural, next as to the mechanism of injury (or pathogenesis of the MRSA infection), and finally as to the medical standards of care that Plaintiffs claim the physicians had breached. This alone required the jury to consider highly specialized expert testimony as well as to review radiographic and other images and voluminous medical records. In this respect, this case was factually dense. *Cf. Miller By & Through Miller v. Dacus*, No. 03-2701 ML/V, 2005 WL 8156761, at *1 (W.D. Tenn. July 7, 2005) (finding case "close and difficult" where a medical malpractice action involved "many different medical personnel, witnesses, and voluminous medical records and other documentation" such that "both parties were required to consult with, prepare and examine numerous expert witnesses"). This Court finds, therefore, that the case was

---

[2] That this case proceeded to trial further highlights the closeness and difficulty of the case. Courts have found cases close and difficult, warranting denial of costs, even when resolved at the summary judgment stage. *See, e.g., Latson v. Clarke*, No. 1:16CV00039, 2019 WL 459713, at *2 (W.D. Va. Feb. 6, 2019) ("The closeness of the case . . . [is] apparent from the size of the summary judgment record and the sheer length of my opinion granting summary judgment."); *Merritt v. Old Dominion Freight Line, Inc.*, No. CIV. 6:07-CV-00027, 2009 WL 1362378, at *2 (W.D. Va. May 15, 2009) (noting that although summary judgment was correctly decided in favor of the defendant, the decision "was not an easy one" and that the case was "very close" such that, in combination with other factors, the plaintiff's request for relief was granted).

close and difficult, and on this ground alone, the denial of costs is warranted.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to review the Clerks' order taxing costs (ECF No. 98) is granted and Defendants' Bill of Costs is denied in its entirety. A separate order follows.

| | |
|---|---|
|     10/31/2019 |     /S/ |
| Date | Paula Xinis<br>United States District Judge |